IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JUL 1 9 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAYTON GRAHAM,<br><br>Defendant. | Case No. 05 C 3647<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Clayton Graham's Habeas Corpus Petition to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the following reasons, Graham's Petition is denied.

### I. INTRODUCTION

On June 24, 2004, Graham pled guilty to seven counts of mail fraud under 18 U.S.C. § 1341. Graham agreed that the losses resulting from his fraud totaled more than $200,000, but less than $350,000. Mail fraud carried a base offense level of six points under the Federal Sentencing Guidelines. The Court added another eight points to Graham's base level because of the amount he had defrauded and deducted three points for his acceptance of responsibility. The resulting eleven point base offense level meant that Graham could be sentenced between 8 and 14 months. However, the Court increased his point level because it found that he abused his authority and partook in more than minimal planning

by a preponderance of the evidence. The additional four points meant that Graham could be sentenced between 18 and 24 months. The Court sentenced Graham to 21 months in prison.

On the same day of Graham's sentencing, the Supreme Court rendered the *Blakely v. Washington* opinion, which questioned the validity of mandatory federal sentencing guidelines, but did not resolve the issue. *Blakely*, 542 U.S. 296 (2004). Following that opinion, in 2005, the Supreme Court held that the mandatory portions of the federal sentencing guidelines were invalid. *United States v. Booker*, 125 S.Ct. 738 (2005). Additionally, *Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant." *Id.* at 756.

## II. **DISCUSSION**

Graham's singular claim is that in light of *Booker*, the Court unconstitutionally increased his sentence by adding four points for abuse of authority and more than minimal planning when he did not admit to either of these actions in his guilty plea. First, the Court notes that under § 2255, in order for Graham to seek collateral review of his sentence, he must first exhaust all his other available options -- namely, filing a direct appeal. *See Norris v. United States*, 687 F.2d 899, 901-02 (7th Cir. 1981) (explaining that a petitioner's failure to appeal results in

procedural defaulting his habeas claims, which is only overcome by the cause-prejudice standard). Graham's § 2255 form clearly denotes that he failed to appeal his sentence directly to the Seventh Circuit Court of Appeals and gives no indication of cause or resulting prejudice. Consequently, he is barred from seeking habeas relief in this Court. Even so, the Court addresses Graham's claim to demonstrate the fruitlessness of attacking his sentence on the stated grounds.

Graham relies on *United States v. Loutos*, 383 F.3d 615 (7th Cir. 2004), to demonstrate that he should receive sentencing relief under *Blakely* and *Booker*. However, unlike Graham's collateral attack of his sentence, *Loutos* addressed the issue of direct attacks on sentences under *Blakely* and *Booker*. *Id.*

The governing law for collateral attacks on sentences under *Blakely* and *Booker* is instead *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). In *McReynolds*, the Seventh Circuit concluded that "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *Id.* at 481. The Seventh Circuit made clear that this date, and not the date of the *Blakely* decision, was the decisive date for purposes of sentencing decisions in the district court. *Id.* The Seventh Circuit held that *Booker* was not retroactive to collateral attacks of sentences because it was not one of those "rare watershed rules of criminal procedure implicating the fundamental fairness and

accuracy of the criminal proceeding." *Id.* (quoting *Schriro v. Summerlin*, 124 S.Ct. 2519 (2004)). Accordingly, Graham's claim fails because *Booker* does not apply to a collateral proceeding.

### III. CONCLUSION

For the reasons stated herein, Defendant Clayton Graham's Habeas Corpus Petition to Vacate, Set Aside, or Correct Sentence is **DENIED**.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: July 19, 2005